**In the Matter of Joel B. RUBINSTEIN.**

**No. 767 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

Oct. 10, 2002.

*ORDER*

PER CURIAM.

AND NOW, this 10th day of October, 2002, Joel B. Rubinstein having been suspended from the practice of law in the State of New Jersey for a period of three months by Order of the Supreme Court of New Jersey dated March 5, 2002; the said Joel B. Rubinstein having been directed on August 8, 2002, to inform this Court of any claim he has that the imposition of the identical or comparable discipline in this Commonwealth would be unwarranted and the reasons therefor; and no response having been filed, it is

---

4. The actual explanation for trial counsel's strategy remains undeveloped on the record, since counsel was permitted to refrain from disclosing the details of his conversations with Appellant. This deficiency cannot redound to Appellant's benefit, however, since he bore the burden of proof at the post-conviction stage. In these circumstances, it was simply not possible for Appellant to satisfy this burden while concealing critical facts utilizing the shield of the attorney-client privilege and a course of artful questioning.

Notably, this Court has imposed limitations on the subsequent use of post-conviction testimony from trial counsel in appropriate circumstances. *See Commonwealth v. Chmiel,* 558 Pa. 478, 511, 738 A.2d 406, 424 (1999).

ORDERED that Joel B. Rubinstein is suspended from the practice of law in this Commonwealth for a period of three months, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.